# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

MARCOS BARRON-OSEGUERA,

          Plaintiff,

    v.

U.S. MARSHAL SERVICE,  et al.,

          Defendants.

_____/

CASE NO. 1:08-cv-00541-DLB PC

ORDER DISMISSING COMPLAINT
WITHOUT PREJUDICE FOR FAILURE TO
EXHAUST AVAILABLE ADMINISTRATIVE
REMEDIES

(Doc. 1)

**I.**     <u>**Screening Order**</u>

      Plaintiff Marcos Barron-Oseguera ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  Plaintiff filed his complaint on April 14, 2008.  (Doc. 1.)  Plaintiff's complaint is presently before the Court for screening.

        **A.**     <u>**Screening Requirement**</u>

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

1   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

2   appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

3   1915(e)(2)(B)(ii).

4       **B.    Pleading Requirement**

5       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

6   exceptions," none of which applies to section 1983 actions.  <u>Swierkiewicz v. Sorema N. A.</u>, 534

7   U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

8   short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

9   Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

10  plaintiff's claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  A court

11  may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

12  that could be proved consistent with the allegations.  <u>Id</u>. at 514.  "'The issue is not whether a

13  plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

14  the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

15  unlikely but that is not the test.'"  <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

16  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171

17  (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

18  .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

19  pleading standard . . . applies only to a plaintiff's factual allegations."  <u>Neitze v. Williams</u>, 490

20  U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

21  essential elements of the claim that were not initially pled."  <u>Bruns v. Nat'l Credit Union Admin.</u>,

22  122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir.

23  1982)).

24      **C.    Exhaustion Requirement**

25      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

26  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

27  confined in any jail, prison, or other correctional facility until such administrative remedies as are

28  available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

1 administrative remedies prior to filing suit.  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007);

2 McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required

3 regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

4 Booth v. Chruner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all

5 prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

6      **D.**     **Summary of Plaintiff's Complaint**

7      Plaintiff is currently a federal prisoner at Federal Correctional Institution in Adelanto,

8 California.  Plaintiff names as defendants: U.S. Marshals John Doe 1 and 2 and the U.S.

9 Marshals Service, Fresno Office.

10      Plaintiff alleges the following.  On June 12, 2006, Plaintiff and other prisoners were

11 transported from Fresno County Jail to the U.S. courthouse in Fresno for hearings.  Defendant

12 John Doe 1, the driver of the passenger van, sped across an intersection and collided with a

13 Dodge Dakota pick-up. John Doe 1 negligently failed to stop at the intersection.  John Doe 2

14 failed to warn John Doe 1 of his allegedly negligent driving.  (Doc. 1, pp. 3-4.)

15      Plaintiff alleges that he suffered permanent serious injury to his neck and back as a result

16 of the accident.  (Id., p. 7.)   Plaintiff seeks special testing and treatment regarding his injury, and

17 monetary damages.  (Id., pp. 3, 8.)

18      **E.**     **Discussion**

19      Plaintiff in his complaint states that he has not exhausted his administrative remedies.

20 (Doc. 1, p. 2.)  Plaintiff states that he submitted a SF Form 95 "Claim for Damages, Injury or

21 Death" with the U.S. Marshals Service Office of General Counsel.  Plaintiff states that he is

22 awaiting a reply from the Office of General Counsel.  If they deny his claim he will then pursue a

23 claim under the Federal Tort Claims Act.  (Id.)  Plaintiff's actions do not exhaust administrative

24 remedies for purposes of a Bivens claim.  Since exhaustion of administrative remedies is

25 required, the Court will order Plaintiff's case dismissed without prejudice.

26      Even if Plaintiff had exhausted administrative remedies, Plaintiff fails to state a

27 cognizable Bivens claim.  To state a claim under Bivens v. Six Unknown Named Agents, 403

28

1 U.S. 388 (1971), and its progeny, Plaintiff must allege that (1) a right secured by the Constitution

2 of the United States was violated and (2) the alleged violation was committed by a federal actor.

3 See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and Bivens actions

4 are identical save for the replacement of a state actor under § 1983 with federal actor under

5 Bivens); but see Correctional Services Corp. v. Malesko, 534 U.S. 61, 68 (2001) (the United

6 States Supreme Court has consistently declined to extend Bivens liability to new contexts or new

7 categories of defendants).

8     A Bivens claim is not available against a federal agency.  FDIC v. Meyer, 510 U.S. 471,

9 486 (1994).  Plaintiff thus cannot state a Bivens claim against the U.S. Marshals Service, Fresno

10 Office.

11     Plaintiff alleges that defendant John Doe 1 failed to drive in a safe manner.  (Doc. 1, pp.

12 3-4.)  Neither negligence nor gross negligence is actionable under the Eighth Amendment.  See

13 Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994).  Plaintiff's allegations against defendants

14 John Does 1 and 2 amount to at most negligence or gross negligence.  Plaintiff may be able to

15 bring a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, but Plaintiff

16 must do so in a separate action against the United States.  See Meyer, 510 U.S. at 478 (if

17 cognizable suit under FTCA, remedy under FTCA is exclusive).  Plaintiff's allegation does not

18 contain any other viable claims.  Plaintiff thus fails to state a claim under Bivens.

19 **II.    Conclusion**

20     Plaintiff in his complaint states that he has not exhausted administrative remedies.  Based

21 on the foregoing, it is HEREBY ORDERED that Plaintiff's complaint, filed on April 14, 2008,

22 be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42

23 U.S.C. § 1997e(a).

24

25     IT IS SO ORDERED.

26 **Dated:    January 15, 2009            _____ /s/ Dennis L. Beck_____**
                                          UNITED STATES MAGISTRATE JUDGE

27

28